TODD KIM
U.S. Department of Justice
Assistant Attorney General
Environment & Natural Resources Division

READE E. WILSON, Trial Attorney (ME Bar 4992)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0299
Facsimile: (202) 305-0506
reade.wilson@usdoj.gov

S. JAY GOVINDAN, Acting Section Chief
ASTRID STUTH CEVALLOS, Trial Attorney (MD Bar)
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-5751
Facsimile: (202) 305-0275
astrid.cevallos@usdoj.gov

*Counsel for Federal Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| CASCADIA WILDLANDS, KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL, and WILLAMETTE RIVERKEEPER | Case No.: 6:21-cv-01313-AA |
| Plaintiffs, | SETTLEMENT AGREEMENT |
| v. | |
| UNITED STATES BUREAU OF LAND MANAGEMENT, | |
| Federal Defendant, | |

|  |  |
|---|---|
| and | ) |
|  | ) |
| B&G LOGGING AND CONSTRUCTION, | ) |
| LLC | ) |
|  | ) |
| Defendant-Intervenor | ) |
|  | ) |

This Settlement Agreement is entered into by and among Plaintiffs Cascadia Wildlands, Klamath-Siskiyou Wildlands Center, Oregon Wild, Soda Mountain Wilderness Council, and Willamette Riverkeeper ("Plaintiffs") and Federal Defendant the United States Bureau of Land Management ("BLM" and, collectively, "the Parties"), who state as follows:

WHEREAS Plaintiffs filed their First Amended Complaint for Declaratory and Injunctive Relief on October 6, 2021, challenging the BLM's December 10, 2020, Salvage Categorical Exclusion ("Salvage CX") and the Harvest Land Base-Moderate Intensity Timber Area Salvage Project ("HLB-MITA Project"), which relied on the Salvage CX for compliance with the National Environmental Policy Act, ECF No. 17;

WHEREAS on August 3, 2022, the BLM issued an Instruction Memorandum to all field officials prohibiting the future use of the Salvage CX, effective immediately ("Instruction Memorandum"); and

WHEREAS the Parties, through their authorized representatives, and without any admission or adjudication of the issues of fact or law, have reached an agreement to resolve this case in accordance with the terms set forth in this Settlement Agreement;

THEREFORE, the Parties agree as follows:

1. The BLM will issue a Federal Register notice proposing to eliminate the Salvage CX from the Department of the Interior's National Environmental Policy Act ("NEPA") implementing procedures for the BLM at Chapter 11 of Part 516 of the Departmental

Manual, and will exercise best efforts to complete the administrative process and to issue a new decision on this proposal by September 2024.

2. Pursuant to Federal Rule of Civil Procedure 41, Plaintiffs agree to dismiss their claims in this action against the Salvage CX (First, Second, Third, and Fourth Claims for Relief) without prejudice, subject to refiling in a new lawsuit <u>only</u> if the BLM rescinds the Instruction Memorandum before completing the administrative process and issuing a new decision, as set forth in Paragraph 1.  Plaintiffs agree to dismiss all remaining claims in this action with prejudice.

3. Plaintiffs hereby release and waive any and all claims against the HLB-MITA Project. In dismissing those claims in this case with prejudice, Plaintiffs agree that they are barred from bringing any challenge to or injunction motion against the HLB-MITA Project, including any of the timber sales issued under the HLB-MITA Decision.

4. Attorneys' Fees and Costs.

    a. Without waiving any defenses or making any admissions of fact or law, the BLM agrees to pay Plaintiffs $30,000.00 in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), ESA Section 11(g)(4), 16 U.S.C. § 1504(g)(4), and any/or any other statute and/or common law theory, for any and all attorneys' fees and costs that may have been incurred in this litigation through the date of dismissal of the action pursuant to this Agreement.

    b. Within fourteen (14) days of the execution this Agreement, Plaintiffs' counsel will provide the following information necessary for the BLM to process the disbursement: the payee's name, address, and phone number; the payee's banking

information, including bank address and phone number, bank routing number, and bank account type; and the payee's tax identification number. The BLM agrees to submit all necessary paperwork for the processing of the settlement within fourteen (14) days from receipt of the necessary information from Plaintiffs or from the dismissal of the lawsuit, whichever is later.

c.   Plaintiffs agree that receipt of the full amount specified in Paragraph 4a shall operate as a release of any and all claims for attorneys' fees and costs that Plaintiff may have incurred in this litigation through the date of dismissal of the action pursuant to this Agreement.

d.   Plaintiffs and their attorneys agree to hold harmless the BLM in any litigation, further suit, or claim arising from payment of the agreed-up settlement amount in Paragraph 4a. Under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d); 31 C.F.R. §§ 285.5, 901.3; and other authorities, the United States will offset against the attorney fee award Plaintiffs' delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

5.   Upon the execution of this Settlement Agreement, Plaintiffs agree to file the proposed motion to dismiss that Federal Defendant emailed with the final version of this Agreement.

6.   In the event there is a dispute over compliance with any term or provision of this Settlement Agreement, the disputing Party will notify the other Party in writing of the nature of the dispute and, within 7 days after such notification, the Parties will initiate discussions and attempt to resolve the dispute. If the Parties do not resolve the dispute within 30 days thereafter, Plaintiffs' only remedy is to file a new case. Through this

Agreement, the BLM does not waive any jurisdictional, procedural, or substantive defenses to any new cases. The Parties agree not to seek to invoke the contempt powers of this Court in aid of enforcement of this Agreement.

7.  The undersigned representatives of Plaintiffs and the BLM certify that they are authorized by the Party or Parties whom they represent to enter into the terms and conditions of this Settlement Agreement and to legally bind those Parties to it.

8.  Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that the BLM obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law. Nothing in this Settlement Agreement shall be construed to deprive a federal official of authority to revise, amend or promulgate regulations, or to amend or revise land and resource management plans. Nothing in this Settlement Agreement is intended to or shall be construed to waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the Administrative Procedure Act ("APA"); or to otherwise extend or grant this Court jurisdiction to hear any matter, except as expressly provided in this Settlement Agreement.

9.  It is hereby expressly understood and agreed that this Settlement Agreement was jointly drafted by Plaintiffs and the BLM. Accordingly, the Parties hereby agree that any and all rules of construction, to the effect that ambiguity is construed against the drafting Party, shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Settlement Agreement.

10. This Settlement Agreement contains all of the agreements between Plaintiffs and the BLM, and is intended to be and is the final and sole agreement between the Parties concerning the complete and final resolution of Plaintiffs' claims. Plaintiffs and the BLM agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Settlement Agreement must be in writing, and must be signed and executed by Plaintiffs and the BLM.

11. This Settlement Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiffs or the BLM to any fact, claim, or defense on any issue in this litigation. This Settlement Agreement has no precedential value and shall not be cited in any other litigation.

12. The Parties understand that notwithstanding their efforts to comply with the commitments contained herein, events beyond their control may prevent or delay such compliance. Such events may include natural disasters as well as unavoidable legal barriers or restraints, including those arising from actions of persons or entities that are not party to this Settlement Agreement. Force majeure shall not continue beyond the circumstances and conditions that prevent timely performance, and shall not apply if alternative means of compliance are available. The Party claiming force majeure shall have the burden of proof in proceedings to enforce or modify the Settlement Agreement.

Executed this 3rd day of October, 2022.

TODD KIM
U.S. Department of Justice
Assistant Attorney General

6

Environment & Natural Resources Division

*/s/Reade E. Wilson*
READE E. WILSON, Trial Attorney (ME Bar 4992)
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel | (202) 305-0299 || Fax | (202) 305-0506
reade.wilson@usdoj.gov

S. JAY GOVINDAN, Acting Section Chief

*/s/ Astrid Stuth Cevallos*
ASTRID STUTH CEVALLOS, Trial Attorney (MD Bar)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel | (202) 305-5751 || Fax | (202) 305-0275
astrid.cevallos@usdoj.gov

*Counsel for Federal Defendant*

/s/*Susan Jane M. Brown*
Susan Jane M. Brown (OSB #054607)
Western Environmental Law Center
4107 NE Couch St.
Portland, Oregon 97232
Tel | (503) 914-1323
brown@westernlaw.org

*Counsel for Plaintiffs*